### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

LA CROSSE COUNTY, individually, and on
behalf of all others similarly situated,

     Plaintiff,

     vs.                             **Case No. 3:15-cv-00117-slc**

TRINITY INDUSTRIES, INC. and TRINITY
HIGHWAY PRODUCTS, LLC,

     Defendants.

---

### RULE 26(f) JOINT PRETRIAL REPORT

---

La Crosse County ("Plaintiff"), through its undersigned attorneys, and Trinity Industries, Inc. and Trinity Highway Products, LLC ("Defendants"), through their undersigned attorneys, pursuant to Rule 26(f), Federal Rules of Civil Procedure, submit the parties' Rule 26(f) Joint Pretrial Report.

1.      Counsel for the parties held a telephone conference on June 2, 2015 and discussed those matters set forth in Rule 26, Federal Rules of Civil Procedure, and the Court's Standing Order Governing Preliminary Pretrial Conferences.  All parties have had the opportunity to review and consent to the filing of the present Rule 26(f) Joint Pretrial Report.

2. **Nature of the Case.**

A. **Plaintiff's Summary of Claims**

Plaintiff, on behalf of itself and the proposed Classes, alleges that Defendants' ET-Plus guardrail end terminals are defectively designed in such a way that leads them to malfunction and thus are falsely designated as approved by the Federal Highway Administration ("FHWA")- which Defendants knew of and concealed. Plaintiff alleges that this design defect is the result of a change to the design of the ET-Plus end terminals made by Defendants that negatively affected the performance of the end terminals, and that this change was never disclosed to the FHWA, Plaintiff, or the Classes. Thus, Plaintiff and the proposed Classes allege that Defendants are liable for that design defect under strict liability. Plaintiff and the proposed statewide Class also allege that Defendants breached their contract by falsely representing that the ET-Plus end terminals were approved by the FHWA, that Defendants violated Wisconsin's Deceptive Trade Practices Act by making false representations regarding its ET-Plus guardrail system, that Defendants engaged in false advertising in violation of Wisconsin Stat. § 100.18, and that Defendants breached an express warranty as well as an implied warranty of merchantability and fitness for a particular purpose in violation of Wisconsin law. Finally, Plaintiff and the proposed Classes allege that, in the alternative, Defendants have been unjustly enriched by their conduct with regard to the sale of their ET-Plus guardrail system. Defendants deny these allegations.

B. **Defendants' Summary of Claims/Defenses**

The Trinity Defendants deny Plaintiff's claims in their entirety. Defendants contend that as a Wisconsin resident alleging injuries suffered in Wisconsin and asserting claims under Wisconsin law, Plaintiff lacks standing to proceed on behalf of the proposed nationwide class. Plaintiff has further failed to allege any injury-in-fact and thus lacks standing. Defendants additionally contend that Plaintiff's allegations never get beyond a mere assertion because the representations that form the basis of their claims were true as a matter of law. The Federal Highway Administration ("FHWA"), the federal agency responsible for federal-aid eligibility determinations for roadside safety devices, has continuously and repeatedly affirmed that the ET-Plus meets crash testing criteria and that an "unbroken chain of eligibility" has existed for the ET-Plus since 2005, see U.S. Dep't of Transp., FHWA, Memorandum, ET-Plus W-Beam Guardrail Terminal (June 17, 2014), *available at* http://safety.fhwa.dot.gov/roadway_dept/policy_guide/ road_hardware/memo_etplus_wbeam.cfm). The ET-Plus was subjected to further crash testing in December 2014 and January 2015 and passed each of the crash tests. For these, and other reasons stated in their initial and any subsequent Motion to Dismiss and Brief in Support, Defendants contend that Plaintiff's complaint should be dismissed.

Defendants further contend that this action cannot be maintained as a class action because it fails to meet the requirements of Federal Rule of Civil Procedure 23. Should it become necessary to file an answer, Defendants will submit additional affirmative defenses.

Finally, for the reasons stated in its Motion to Stay, Defendants further request that the Court stay this action to allow for resolution of the federal False Claims

Act action (pending in the Eastern District of Texas), *United States ex rel. Joshua Harman v. Trinity Indus. Inc.*, 2:12-cv-0089-JRG (E.D. Tex.) (the "FCA Action"), including through the resolution of any appeal of the FCA Action, and agency procedures with the FHWA and Wisconsin Department of Transportation.

3.     **Issues of Jurisdiction or Venue.**   The parties agree that the Court has subject matter jurisdiction and that venue in the Western District of Wisconsin is proper. Defendants do not agree that the Court can properly adjudicate the claims of purported non-Wisconsin class members.

4.     **Related Cases.**   The parties are aware of the following related cases:

- *Joshua Harman v. Trinity Industries, Inc. et al.*, Case No. 2:12-cv-00089 (E.D. Tex.)

- *Hamilton County Il. et al v. Trinity Industries et al.*, Case No. 3:14-cv-01320 (S.D. Ill.) (stayed in favor of the FCA action)

5.     **Material Factual and Legal Issues to be Resolved at Trial.**

- whether Defendants' ET-Plus guardrail end terminals have a design defect;

- whether Defendants knew or should have known of the alleged design defect in the ET-Plus guardrail end terminals and, if they did know, when they first became aware of the defect;

- whether the alleged defective nature of Defendants' ET-Plus guardrail end terminals constitutes a material fact reasonable consumers, such as the Plaintiff

and members of any Classes, would have considered in deciding whether to purchase ET-Plus guardrail end terminals;

- whether Defendants had a duty to disclose the alleged defective nature of the ET-Plus end terminals to Plaintiff and members of any Classes;

- whether Defendants omitted and failed to disclose material facts about the ET-Plus guardrail end terminals to Plaintiff and members of any Classes;

- whether Defendants misrepresented that the ET-Plus guardrail end terminals were safe;

- whether Defendants engaged in unfair, deceptive, unlawful, and/or fraudulent acts by failing to disclose the design changes to the ET-Plus end terminals;

- whether Defendants' conduct with regard to the ET-Plus guardrail end terminals was likely to mislead a reasonable consumer;

- whether Defendants violated state consumer protection statutes;

- whether the ET-Plus guardrail end terminals were unfit for the ordinary purposes for which they were used, in violation of the implied warranty of merchantability;

- whether Plaintiff and members of any Classes are entitled to a declaratory judgment stating that the ET-Plus guardrail end terminals are defective and/or not merchantable;

- whether the alleged unlawful, unfair, and/or deceptive practices harmed Plaintiff and members of any Classes;

- whether Defendants have been unjustly enriched by their conduct;

- whether Plaintiff and members of any Classes are entitled to equitable relief, including a preliminary and/or permanent injunction;

- whether and in what amount Defendants have damaged Plaintiff and members of any Classes, and how any such damages should be distributed among Class members;

- whether this action is maintainable as a class action under Federal Rule of Civil Procedure 23;

- whether the terms of contracts between any purchaser of Defendants' ET-Plus guardrail end terminals bar the claims asserted in this case and/or the relief sought;

- whether claims asserted in this case are barred by relevant statutes of limitation and/or repose.

6.   **Additional Parties.**  The parties are not aware of any additional parties.

7.   **Protective Order.**   The parties will work together to stipulate to a Protective Order that will be submitted to the Court.

8.   **Amendment of Pleadings.** Plaintiff filed an Amended Complaint in this matter on May 28, 2015 [ECF No. 32]. Thus, pursuant to the Federal Rules of Civil Procedure, the parties agree that Plaintiff must seek leave from the Court to file any additional amended pleadings. The parties have agreed that the deadline to amend pleadings should be May 20, 2016.

9.   **Motions Pending or Contemplated.**   Plaintiff filed an Amended Complaint on May 28, 2015. [ECF No. 32]. As a result, the parties anticipate that

Defendants will file a Motion to Dismiss the Amended Complaint and will re-urge their already filed Motion to Stay the Complaint. If the parties decide to file any dispositive or other motions, they will do so in accord with any motion deadlines set by the Court.

10.     **Length of Trial.**   Plaintiff believes that this case can be tried in approximately 3 weeks.  Defendants believe that this case can be tried in approximately 2 weeks or less.

11.     **Settlement Discussions.**     Since the commencement of this lawsuit, the parties have not discussed the possibility of settlement.  The parties are willing to engage in settlement discussions in an effort to resolve this lawsuit following appropriate discovery and, if necessary, dispositive motions.

12.     **Initial Disclosures.**  Plaintiff proposes to make all required Rule 26(a)(1) pretrial disclosures on or before June 16, 2015.  Defendants propose to make all required Rule 26(a)(1) pretrial disclosures on or before 7 days following the Court's decision on the motion to dismiss.  Counsel will supplement disclosures pursuant to Federal Rule of Civil Procedure 26(e).

13.     **Discovery Cut-Off.** The parties propose that fact discovery will end on August 5, 2016; and expert discovery will end on October 14, 2016.

14.     **Electronic Service.**  The parties confirm that documents filed through the Court's ECF system are served by ECF notification.  The parties also consent that service by electronic means shall be allowed as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and that such service shall be complete upon transmission and shall be considered the same as personal service, provided that the sender does not receive any

indication that such electronic transmission was unsuccessful and provided that such service by electronic means shall only be to the following email addresses: dgustafson@gustafsongluek.com, jkilene@gustafsongluek.com, csmith@gustafsongluek.com, spayne@gustafsongluek.com, sparis@smbb.com, phoward@smbb.com, ahalstead@hq-law.com, steachout@akingump.com, mreed@akingump.com, edscott@akingump.com, jgreenwood@akingump.com, cedmonds@akingump.com, bkushner@vonbriesen.com, knoyes@vonbriesen.com.

15.     **Discovery Requests in Electronic Format.**  The parties agree that copies of all written discovery requests and proposed findings of fact shall be provided and/or served electronically in a format editable by the other party (such as Word format), and that copies of all proposed findings of fact as required by the Court's standing order regarding summary judgment motions shall be served electronically in a similar editable format.

16.     **Electronically Stored Information.**  The parties anticipate that there will be some amount of electronically stored information ("ESI") that is subject to discovery. The parties will work together to stipulate to an ESI Protocol and will provide notice to the Court when such agreement has been reached.

17.     **Witnesses and Exhibits.**  The parties agree that disclosure of all witnesses and exhibits for trial shall be completed in accordance with the Federal Rules of Civil Procedure or the deadline set by the Court pursuant to its preliminary pretrial order.

18.     **Class Certification.**

A.      Expert witnesses for Class Certification, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

Plaintiff's expert(s): March 11, 2016.

Defendants' expert(s): April 8, 2016.

Plaintiff's rebuttal expert(s):  May 6, 2016.

B.      Depositions of Class Certification expert witnesses must be taken by:

Plaintiff's expert(s) by: May 20, 2016.

Defendants' expert(s): April 22, 2016.

C.      Plaintiff's Motion for Class Certification and Memorandum in Support shall be filed by June 3, 2016.

D.      Defendants' Memorandum in Opposition to Class Certification shall be filed by July 1, 2016.

E.      Plaintiff's Reply Memorandum, if any, must be filed by July 22, 2016.

F.      Any Class Certification hearing will be set by separate notice.

19.      **Expert Witnesses For Trial.**

A.      Expert witnesses for trial, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

Plaintiff's expert(s): August 12, 2016.

Defendants' expert(s): September 2, 2016.

Plaintiff's rebuttal expert(s): September 23, 2016.

B.      Depositions of trial expert witnesses must be taken by:

Plaintiff's expert(s): September 20, 2016.

Defendants' expert(s): October 14, 2016.

C.      Expert discovery, including depositions shall be completed by October 14, 2016.

20.     **Close of Discovery.** The parties agree that all fact discovery shall be completed by August 5, 2016; and expert discovery completed by October 14, 2016. Any written interrogatories or requests for production served after the date set out in the Scheduling and Discovery Order shall be served by a date that allows the served parties the full 30 days as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.

21.     **Dispositive/Daubert Motions.**   The parties agree that all dispositive motion briefing will be completed by December 16, 2016, no later than 4 months before trial.

A. All Dispositive/Daubert Motions shall be filed and served on or before October 21, 2016.

B. All Oppositions to Dispositive/Daubert Motions shall be filed and served on or before November 18, 2016.

C. All Replies in Support of Dispositive/Daubert Motions shall be filed and served on or before December 16, 2016.

22. **Trial and Final Pretrial Dates.** The parties believe that this matter will be ready for trial on or after April 24, 2017. The parties request that the final pretrial conference be held one week prior to trial.

## Proposed Case Schedule

| | |
|---|---|
| June 16, 2015 | Initial Disclosures Due |
| May 20, 2016 | Deadline to Amend Pleadings |
| June 17, 2016 | Plaintiff's Class Certification Motion |
| August 5, 2016 | Close of Fact Discovery |
| October 14, 2016 | Close of Expert Discovery |
| December 16, 2016 | Close of Dispositive Motions |
| March 17, 2017 | 26(a)(3) Disclosures and all Motions in Limine Due |
| April 5, 2017 | Final Pre-Trial Conference |
| April 24, 2017 | Trial Date |

Respectfully submitted,

Dated: June 8, 2015

By: s/Daniel E. Gustafson

Daniel E. Gustafson
Jason S. Kilene
Cathy K. Smith
Sara J. Payne
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:  (612) 333-8844
Facsimile:  (612) 339-6622
dgustafson@gustafsongluek.com
jkilene@gustafsongluek.com
csmith@gustafsongluek.com
spayne@gustafsongluek.com

Simon B. Paris
Patrick Howard
**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
Telephone:  (215) 496-8282
Facsimile:  (215) 496-0999
sparis@smbb.com
phoward@smbb.com

Aaron N. Halstead
**HAWKS QUINDEL S.C.**
222 W. Washington Ave, Suite 450
P.O. Box 2155
Madison, WI 53701
Telephone:  (608) 257-0040
Facsimile:  (608) 256-0236
ahalstead@hq-law.com

***Attorneys for Plaintiff and Proposed Classes***

Dated: June 8, 2015

By: s/Michelle A. Reed

Beth J. Kushner, SBN 1008591
Kelly J. Noyes, SBN 1064809
von BRIESEN & ROPER, S.C.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI  53202
Phone:  (414) 287-1373 (Kushner Direct)
Phone:  (414) 287-1522 (Noyes Direct)
Fax:      (414) 276-6281
bkushner@vonbriesen.com
knoyes@vonbriesen.com

Sarah R. Teachout (pro hac vice)
Michelle A. Reed (pro hac vice)
Elizabeth D. Scott (pro hac vice)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
steachout@akingump.com
mreed@akingump.com

Jessica Greenwood (pro hac vice)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
Bank of America Tower
New York, NY 10036
jgreenwood@akingump.com

***Attorneys for Defendants Trinity Industries, Inc. and Trinity Highway Products, LLC***