IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LA CROSSE COUNTY,
*individually, and on behalf of all others similarly situated*,

Plaintiff,

v.

TRINITY INDUSTRIES, INC. and
TRINITY HIGHWAY PRODUCTS, LLC,

Defendants.

OPINION & ORDER

15-cv-117-jdp

---

On July 5, 2016, United States Magistrate Judge Stephen Crocker granted defendants Trinity Industries, Inc. and Trinity Highway Products, LLC's motion to compel the deposition of William Chandler, one of plaintiff La Crosse County's experts. La Crosse County now objects to that ruling. The court will overrule La Crosse County's objection.

BACKGROUND

La Crosse County is proceeding with state law claims against defendants for breach of warranty, deceptive trade practices, false advertising, and, in the alternative, unjust enrichment. These claims arise out of defendants selling La Crosse County allegedly defective ET Plus systems, which are patented guardrail end terminals. La Crosse County proposes to bring its claims on behalf of a statewide class of plaintiffs that purchased ET Plus systems between February 25, 2009, and October 28, 2014. *See* Dkt. 63. The parties are currently briefing La Crosse County's motion for class certification. *Id.* This discovery dispute relates to one of the expert reports that La Crosse County filed in support of that motion.

La Crosse County disclosed Chandler as an expert on April 29, 2016, and his "preliminary expert report" presented theories for calculating class members' damages. *See* Dkt. 67-46. At that point, the parties disagreed about whether the scheduling order permitted rebuttal reports for class certification experts; La Crosse County believed that they were allowed to file rebuttal reports and defendants believed that they were not allowed to file rebuttal reports. La Crosse County informed defendants that it would serve Chandler's rebuttal report, if any, by June 27, 2016. Two weeks before this deadline, La Crosse County indicated to defendants that Chandler would not be completing a rebuttal report. Defendants waited until the deadline for Chandler's rebuttal report before noticing his deposition. By that time, La Crosse County had already moved for class certification.

Defendants initially noticed Chandler's deposition for July 11, 2016, in Madison, Wisconsin. But defense counsel indicated that the deposition could be rescheduled or relocated for Chandler's convenience (he lives in New Jersey). La Crosse County's counsel responded that his firm was "unavailable for a deposition the week of July 11 as our opposition brief is due within a week from then." Dkt. 71-4, at 5.[1] Counsel also wrote that "[a]fter our opposition brief, Mr. Chandler is unavailable until early August." *Id.* The parties had a meet-and-confer on July 1, 2016, to discuss scheduling Chandler's deposition. Defendants offered to conduct the deposition in New York on any day—including weekends—before briefing closed on La Crosse County's motion for class certification. La Crosse County refused, explaining that Chandler was not available.

---

[1] The court assumes that counsel was actually referring to La Crosse County's *reply* brief in support of its motion for class certification, which is due on July 18, 2016.

The next day, defendants moved the court for an order compelling La Crosse County to produce Chandler for a deposition at any time before briefing closed on the motion for class certification. Dkt. 70. The magistrate judge granted defendants' motion, giving La Crosse County until July 20, 2016, to produce Chandler for a deposition, and giving defendants seven calendar days after Chandler's deposition to file a *Daubert* motion—defendants' principal motivation for deposing Chandler. Dkt. 72. La Crosse County timely objected. Dkt. 73.

ANALYSIS

Under Federal Rule of Civil Procedure 72(a), the court will set aside a magistrate judge's ruling on a nondispositive matter only if it "is clearly erroneous or is contrary to law." None of La Crosse County's arguments persuade the court that the magistrate judge erred in granting defendants' motion.

La Crosse County first argues that the magistrate judge ruled before giving them a chance to respond. Because defendants needed to resolve the matter quickly, and because they adequately demonstrated that they were entitled to relief, prompt action was appropriate. Moreover, La Crosse County has now had an opportunity to tell its side of the story, and the court is still going to rule in defendants' favor.

La Crosse County also argues that defendants should have served Chandler with a subpoena because he is a non-party witness. Then, if Chandler did not comply with the subpoena, La Crosse County contends that defendants needed to file a compliance action in the United States District Court for the District of New Jersey, pursuant to Rule 45. This court discourages parties from issuing subpoenas to the other side's experts. A deposition

3

notice does the job and keeps discovery disputes, if any arise, under the supervision of this court. The magistrate judge gave La Crosse County a reasonable choice: arrange for Chandler to attend a deposition or continue this case without his report. La Crosse County, which is paying Chandler, is perfectly capable of getting its retained expert to attend a deposition without a subpoena.

La Crosse County's final argument is that it cannot produce Chandler for a deposition before August 9, 2016, because he is completely unavailable. As an initial matter, that was not the reason that La Crosse County first gave when defendants sought to depose Chandler. Counsel for La Crosse County explained that there would be no time to defend a deposition during the week of July 11, 2016, because La Crosse County's reply brief would be due the following Monday. As the magistrate judge observed, a trio of law firms that cannot defend a deposition and write a brief (and a reply brief, at that) in the same seven-day period is likely not qualified to be class counsel.

More to the point, Chandler's availability is primarily La Crosse County's problem. If he is simply too busy to participate in this case, then La Crosse County may have to find a way to continue the case without him. Defendants have extended considerable flexibility in offering to schedule Chandler's deposition. Although Chandler has a busy schedule for the rest of the month, *see* Dkt. 75, the court is not persuaded that it would be absolutely impossible for him to attend a deposition sometime in the next few weeks. The court will therefore overrule La Crosse County's objection to the magistrate judge's order in all material respects. To facilitate scheduling, the court will impose slightly different deadlines:

- La Crosse County must permit defendants to take Chandler's deposition by July 25, 2016.

- Defendants must file their *Daubert* motion by July 29, 2016, and La Crosse County must file its opposition by August 5, 2016. The court will defer ruling on La Crosse County's motion for class certification until defendants' *Daubert* motion is fully briefed.

The last issue for the court to address is attorney fees. Defendants argue that La Crosse County has twice required them to expend unnecessary time and money to secure Chandler's deposition. Dkt. 97, at 5. They ask the court to award them the attorney fees that they incurred in bringing their initial motion to compel and in opposing La Crosse County's appeal of the magistrate judge's decision. *Id.*

The court concludes that an award of fees is appropriate. La Crosse County's insistence that it was entitled to file a rebuttal expert report (and then its later change in position) contributed to defendants' delay in noticing Chandler's deposition and set this entire problem in motion. Once defendants noticed the deposition, La Crosse County's counsel provided shifting and insufficient justifications for not making Chandler available. Then, rather than devote its efforts to complying with the magistrate judge's ruling, La Crosse County pursued an appeal that only further delayed the deposition. Under the circumstances, an award of attorney fees is appropriate. *See* Fed. R. Civ. P. 37(a)(5). Defendants may have 10 days to submit an accounting of the fees that they incurred in moving to compel Chandler's deposition and in opposing La Crosse County's appeal of the magistrate judge's decision. Given the relative simplicity of the matter, however, the court expects defendants' requested fees to be commensurately modest.

ORDER

IT IS ORDERED that:

1.  Plaintiff La Crosse County's objection to the magistrate judge's decision, Dkt. 73, is OVERRULED.

2.  Plaintiff must make William Chandler available for a deposition by July 25, 2016. Defendants Trinity Highway Products, LLC and Trinity Industries, Inc. may have until July 29, 2016, to challenge Chandler's expert report under *Daubert*, and plaintiff may have until August 5, 2016, to oppose the motion.

3.  Defendants' request for attorney fees is GRANTED. Defendants may have until July 25, 2016, to submit an itemized accounting of the fees that they incurred in this matter. Plaintiff may have until July 28, 2016, to file objections to the reasonableness of defendants' requested fees.

Entered July 13, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge